UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STEVEN FLUKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:24-cv-399-ACA |
| | ) |
| ROLLIN' WRENCH, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven Fluker filed a complaint against Defendants Rollin' Wrench, LLC and Reginald Stallworth, asserting that they violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and were unjustly enriched after failing to pay him for all of the hours he worked and for overtime. (Doc. 1). Defendants were properly served but did not answer or otherwise defend the complaint, so Mr. Fluker requested entry of default and moved for default judgment. (Doc. 10). Because Mr. Fluker's motion for default judgment is not adequately supported, the court **DENIES** the motion **WITHOUT PREJUDICE** to refiling.

### I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). Mr. Fluker worked as a diesel mechanic for Rollin'

Wrench and Mr. Stallworth from December 27, 2023 to February 22, 2024. (Doc. 1 ¶¶ 15–16). Defendants paid Mr. Fluker a rate of $30/hour and guaranteed forty hours of work a week. (*Id.* ¶ 17). Mr. Fluker was on call for 24 hours a day, seven days a week. (*Id.* ¶ 18).

Rollin' Wrench and Mr. Stallworth failed to pay Mr. Fluker for 77.33 regular hours and 27 overtime hours during his first six weeks and improperly deducted $58.60 from his paycheck. (*Id.* ¶ 19(a)–(g)). Mr. Fluker's employment ended in the middle of the seventh week. (*See* doc. 1 ¶ 21). But Defendants did not compensate him for the work he performed during that week. (*Id.*).

Mr. Fluker filed this lawsuit asserting Defendants' failure to pay him constituted a FLSA violation and unjust enrichment. (*See* doc. 1) He seeks unpaid wages, liquidated damages in an amount equal to the unpaid wages, and reasonable attorney's fees and costs. (*Id.* at 9–10).

**II.   DISCUSSION**

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, the Clerk of Court must enter a party's default when the party fails to plead or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Constr.*

*Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] But "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Id*. So, the court must determine whether the allegations in the plaintiff's well-pleaded complaint establish each of the elements of the of the claims for which the plaintiff seeks default judgment. *See id.* ("There must be a sufficient basis in the pleadings for the judgment entered."). The court may award damages without a hearing only when "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b)(1).

Here, Mr. Fluker's allegations fall short. As an initial matter, Mr. Fluker groups Mr. Stallworth and Rollin' Wrench together as Defendants but alleges no facts to support which entity for whom Mr. Fluker worked for or how two separate legal entities bear equal liability. (Doc. 1 ¶¶ 27–42). Nor does Mr. Fluker identify the claims upon which he relies and how his complaint sufficiently pleads each element of that claim. (*See generally* doc. 10).

Finally, Mr. Fluker does not provide an accurate calculation of his damages. (*Id*.). Nor could he. Mr. Fluker's allegations about his final work week are inconsistent. In one paragraph, Mr. Fluker alleges he worked 60.53 hours but was

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

not paid at all. (Doc. 1 ¶ 21). In another paragraph, he alleges he was not paid for 11 regular hours and 11.48 overtime hours, plus his pay was improperly reduced by $58.60. (*Id*. ¶ 19(g)). Under these allegations then, Mr. Fluker was either not paid for 88.33 regular hours and 38.48 overtime hours or 117.33 regular hours and 47.53 overtime hours. And neither of these totals equal the 126.33 regular-hour and 59.01 overtime-hour total Mr. Fluker alleges in still another paragraph. (*See id*. ¶ 26).

Accordingly, the court **DENIES** Mr. Fluker's motion for default judgment **WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this February 13, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE