UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STEVEN FLUKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:24-cv-399-ACA |
| ROLLIN' WRENCH, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Steven Fluker worked for Defendants Rollin' Wrench, LLC and Reginald Stallworth as a diesel mechanic. Despite agreeing to pay Mr. Fluker $30 per hour for any work he performed plus the applicable overtime rate, Rollin' Wrench and Mr. Stallworth did not pay Mr. Fluker for dozens of hours worked. Mr. Fluker asserts claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("Count One") and unjust enrichment ("Count Two"). Mr. Fluker properly served the defendants, but neither appeared. Accordingly, he moves for default judgment and seeks $21,016.32 in damages and costs. (Doc. 21 at 12–13).

For the reasons below, the court **WILL GRANT IN PART** and **DENY IN PART** Mr. Fluker's motion for default judgment. (Doc. 21). The court **WILL DENY** his motion against Mr. Stallworth but **GRANT** his motion with respect to Rollin' Wrench. The court **WILL ENTER DEFAULT JUDGMENT** against Rollin'

Wrench and **AWARD** Mr. Fluker $7,171.68 in damages. Lastly, the court **WILL GRANT** his request for the filing fee ($405) but **DENY WITHOUT PREJUDICE** his request for attorney's fees and cost of service. Additionally, the court **ORDERS** Mr. Fluker **TO SHOW CAUSE** why it should not dismiss Count Two for his failure to prosecute. He must respond in writing **on or before January 21, 2026**.

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). Accordingly, the court takes as true the well-pleaded allegations of Mr. Fluker's complaint.

In 2023, Rollin' Wrench and Mr. Stallworth hired Mr. Fluker as a diesel mechanic. (Doc. 1 ¶¶ 15–16). Mr. Fluker earned $30 per hour and worked at least forty hours per week. (*Id.* ¶ 17). But he was always on call and sometimes worked more than forty hours in a week. (*Id.* ¶ 18; *see id.* ¶ 19). Starting in 2024, Mr. Fluker stopped receiving the full amount of his agreed upon pay. (*See* doc. 1 ¶¶ 19–21). Between January 2024 and February 2024, Mr. Fluker did not receive any pay for 128.33 "straight" hours and 59.01 overtime hours. (*Id.* ¶¶ 19, 21, 26). Additionally, Rollin' Wrench and Mr. Stallworth withheld a "miscellaneous" charge for $58.60 from two paychecks. (*Id.* ¶¶ 19, 26).

## II.  DISCUSSION

### 1.  Default Judgment

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, after the Clerk's entry of default, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant if the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b)(2); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

The Clerk of Court entered default against both Mr. Stallworth and Rollin' Wrench. (Docs. 12 & 14).[2] Although Mr. Fluker's complaint states a claim against Rollin' Wrench for failure to pay overtime wage, it does not state a claim against Mr. Stallworth individually and seeks damages in excess of what the FLSA permits.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] After the Clerk entered default, Mr. Stallworth appeared and moved for the court to appoint counsel. (Doc. 17). But he never filed a responsive pleading or moved to set aside the default, so he failed to "plead or otherwise defend." *See* Fed. R. Civ. P. 55(a); *Bass v. Hoagland*, 172 F.2d 205, 211 (5th Cir. 1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits.")

### a. Default Judgment Against Mr. Stallworth

Only an "employer" is individually liable under the FLSA. 29 U.S.C § 216(b). An "employer" is "any person acting directly or indirectly in the interest of an employer." *Id.* § 203(d). Mr. Fluker contends that Mr. Stallworth owns Rollin' Wrench, and thus, Mr. Stallworth is personally liable as a corporate officer. (Doc. 21 at 4–6). But for a corporate officer to qualify as an employer, he "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

Mr. Fluker's complaint does not contain any factual allegations about Mr. Stallworth's involvement. (*See generally* doc. 1). Mr. Fluker alleges that Mr. Stallworth is an "employer" under the FLSA (*id.* ¶ 12), but that allegation is a legal conclusion with no supporting facts. Accordingly, Mr. Fluker's complaint cannot state a claim for individual liability against Mr. Stallworth. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160–61 (11th Cir. 2008). Although Mr. Fluker argues his supporting affidavits establish sufficient day-to-day control (doc. 21 at 5), the court is limited to the well-pleaded allegations in his complaint. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). The court therefore **WILL DENY** Mr. Fluker's motion for default judgment against Mr. Stallworth.

b.   *Default Judgment Against Rollin' Wrench*

Mr. Fluker alleges that he is entitled to damages under three FLSA provisions: payment for 123.88 hours of "straight" time under § 206; payment of 59.01 overtime hours under § 207(a)(1); and liquidated damages under § 216. Under each of these provisions, he must plead he "is engaged in commerce or in the production of goods for commerce" or that he "is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 207(a)(1), 206(a), 216(b). An "[e]nterprise engaged in commerce" includes an enterprise which has "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done [that] is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Mr. Fluker alleges that Rollin' Wrench employed him in an enterprise engaged in interstate commerce that maintains an annual gross volume of sales above $500,000. (Doc. 1 ¶¶ 9–12). So Mr. Fluker has alleged that Rollin' Wrench is subject to the FLSA and violated the statute because it failed to pay him for hours that he worked.

But as explained below, Mr. Fluker is not entitled to all the damages he seeks. His motion and supporting affidavits explain that he seeks $6,503.95 but does not explain how he calculated this amount. (*See* doc. 21-1 ¶ 2 (incorporating a previous affidavit); doc. 10-1 ¶ 7 (claiming the defendants owe him $6,503.95 for back wages

under the FLSA)). To the best of the court's understanding, Mr. Fluker requests $3,849.90 for the 128.33 hours of "straight" time at a rate of $30 per hour and $2,655.45 for 59.01 hours of overtime work at $45 per hour. These amounts equal $6,505.95. The court will assume the $2 difference in its calculation and Mr. Fluker's calculation is a typographical error on Mr. Fluker's part. He also requests $117.20 because his employer deducted $58.60 out of two pay checks. (Doc. 21 at 8).

### i.   Regular Hours

Mr. Fluker contends the FLSA entitles him to the agreed-upon $30 per hour for the "straight" time that he worked. (Doc. 1 ¶¶ 26, 39; doc. 10-1 ¶¶ 7–10; doc. 21 at 13). But he points to no authority to support this contention. The FLSA guarantees employees a minimum wage of $7.25 per hour for qualified employees, like Mr. Fluker. *See* 29 U.S.C. § 206(a). It does not provide a cause of action for wages agreed to above that threshold. *See Avery v. City of Talladega*, 24 F.3d 1337, 1347–48 (11th Cir. 1994); *Cooley v. HMR of Alabama, Inc.*, 259 F. Supp. 3d 1312, 1317–18 (N.D. Ala. 2017). The statute's remedies are limited to an employee's "unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Mr. Fluker therefore overestimates his damages. Because Rollin' Wrench never paid Mr. Fluker for 128.33 worked hours and the FLSA entitles him to $7.25 per hour, his damages

are $930.39. The court therefore **WILL GRANT** his motion and **ENTER DEFAULT JUDGMENT** against Rollin' Wrench for violations of the minimum wage provision but **AWARD** only the damages he is entitled to—$930.39. The court **WILL DENY** his motion for "straight" time damages in excess of that amount.

Additionally, Mr. Fluker does not explain how Rollin' Wrench violated FLSA by withholding $117.20 from his paychecks. Nor does it appear that this subtraction reduced Mr. Fluker's earnings below minimum wage for the number of hours worked. Thus, the court **WILL DENY** his motion for the $117.20 deducted.

### ii.  Overtime Hours

The FLSA mandates that no employee may work longer than forty hours per week "unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C § 207(a)(1). The employee's regular rate "refers to the hourly rate actually paid [to] the employee." *Perez v. Owl, Inc.*, 110 F.4th 1296, 1307 (11th Cir. 2024) (quotation marks omitted).

Mr. Fluker established that he worked 59.01 overtime hours that Rollin' Wrench never paid him for. (Doc. 1 ¶¶ 19–24; doc. 10-1 ¶¶ 3–6; 21-1 ¶¶ 5–7). For those hours, Mr. Fluker should have received $45 per hour because his regular rate was $30 per hour. (Doc. 1 ¶ 17). Accordingly, the court **WILL GRANT**

Mr. Fluker's motion, **ENTER DEFAULT JUDGMENT** in his favor for violations of the overtime compensation provision, and **AWARD** $2,655.45.

### iii.  Liquidated Damages

The FLSA provides that an employee "shall be liable" for liquidated damages if the employer violates the minimum wage or overtime compensation provisions. 29 U.S.C. § 216(b). So a prevailing plaintiff is entitled to liquidated damages unless the court explicitly finds that the defendant acted in good faith. *See Spires v. Ben Hill Cnty.*, 980 F.2d 683, 689 (11th Cir. 1993). By failing to answer the complaint, Rollin' Wrench admits the allegations in the complaint, and those allegations establish it did not act in good faith. (*See* doc. 1 ¶¶ 25, 27–39). Accordingly, Mr. Fluker is entitled to liquidated damages equal to his damages for the overtime and minimum wage violations. 29 U.S.C. § 216(b). As outlined above, Mr. Fluker established he is entitled to $930.39 for minimum wage violations and $2,655.45 for overtime violations—a total of $3,585.84. The court therefore **WILL GRANT** his motion and **AWARD** $3,585.84 in liquidated damages.

2.  Unjust Enrichment

Count Two of Mr. Fluker's complaint asserts a claim for unjust enrichment. (Doc. 1 ¶¶ 40–45). Mr. Fluker's initial motion for default judgment did not seek judgment on Count Two. (Doc. 10). Aside from a passing reference on the first page, Mr. Fluker's amended motion for default judgment never addresses this claim nor

8

seeks relief based on it. (*See* doc. 21). Accordingly, the court **ORDERS** Mr. Fluker **TO SHOW CAUSE** why it should not dismiss this claim for his failure to prosecute. *See* Fed. R. Civ. P. 41(b). Mr. Fluker must respond in writing **on or before January 21, 2026.**

    3.    <u>Attorney's Fees and Costs</u>

Mr. Fluker moves for $7,205 in attorney's fees and $803.42 in costs for the filing fee and process server fees. (Doc. 21 at 12–13; doc. 10-1 ¶ 9). The court will begin with the request for costs before turning to the request for attorney's fees.

The court may award only the costs authorized by "explicit statutory or contractual authorization." *Arcadian Fertilizer, LP v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Under the FLSA, a court may award "costs of the action." 29 U.S.C § 216(b). Those costs are limited to costs available under 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Under § 1920, a prevailing party may recover "[f]ees of the clerk and marshal," which includes the filing fee and process server costs. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). But the process server fees must not exceed the amount authorized in 28 U.S.C. § 1921. *Id.* at 624. For personal service, the regulations allow "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

9

Mr. Fluker seeks $803.42 in costs. Although he did not break down this number into the amount paid for the filing fee and the amount paid for service, the court recognizes its filing fee is $405. Accordingly, the court **GRANTS** the motion for costs in the amount of $405. But the court **DENIES WITHOUT PREJUDICE** the request for costs associated with service because Mr. Fluker has not presented any evidence regarding how many hours or minutes the process server needed or what the process server's travel costs and out-of-pocket expenses were.

The court may also award "reasonable" attorney's fees. 29 U.S.C. § 216(b). To calculate a reasonable fee, the court uses the "lodestar" method. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To perform the analysis, the court multiplies the number of hours reasonably worked by the reasonable hourly rate. *Id.* Thus, the court must have evidence of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," which requires more than an "affidavit of the attorney performing the work." *Id.* And the court must have evidence that there are no "excessive, redundant or otherwise unnecessary hours" in the calculation. *Id.* at 1301 (quotation marks omitted).

Here, Mr. Fluker has not submitted sufficient evidence to award attorney's fees. He provides only an affidavit noting he has "incurred legal fees in the amount of $7,205." (Doc. 10-1 ¶ 9). The court has no evidence of counsel's hourly rate,

10

whether that rate is reasonable, or whether he worked a reasonable number of hours. Accordingly, the court **DENIES WITHOUT PREJUDICE** Mr. Fluker's motion for attorney's fees.

### III. CONCLUSION

For the reasons above, the court **WILL GRANT IN PART** and **DENY IN PART** Mr. Fluker's motion for default judgment. (Doc. 21). The court **WILL DENY** his motion against Mr. Stallworth but **GRANT** his motion with respect to Rollin' Wrench. The court **WILL ENTER DEFAULT JUDGMENT** against Rollin' Wrench and **AWARD** Mr. Fluker $7,171.68 in damages. Lastly, the court **WILL GRANT** his request for the filing fee ($405) but **DENY WITHOUT PREJUDICE** his request for attorney's fees and cost of service.

Additionally, the court **ORDERS** Mr. Fluker **TO SHOW CAUSE** why it should not dismiss Count Two for his failure to prosecute. He must respond in writing **on or before January 21, 2026.**

**DONE** and **ORDERED** this January 7, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE